IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD LEE TUBBS, | ) | No. C 07-5456 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL;** |
| | ) | **GRANTING LEAVE TO PROCEED** |
| v. | ) | **IN FORMA PAUPERIS** |
| | ) | |
| SAN FRANCISCO PUBLIC | ) | |
| DEFENDERS OFFICE, | ) | **(Docket No. 5)** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On October 25, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. Petitioner has applied for leave to proceed in forma pauperis.

According to the allegations in the petition, petitioner's parole was revoked on May 4, 2007, and on June 1, 2007, he was ordered by the Board of Prison Terms to serve twelve months in state prison. Petitioner claims the parole revocation proceedings were unlawful, in part because of misrepresentations made by the San Francisco Public Defenders Office. Petitioner asks the Court to order the San Francisco Police Department to provide him with police reports that will substantiate his claims. Petitioner states he has not sought state court review concerning his parole revocation.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

1 highest state court available with a fair opportunity to rule on the merits of each and every
2 claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455
3 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of
4 federal-state comity to give the state "an initial opportunity to pass upon and correct alleged
5 violations of its prisoners federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)
6 (internal quotation and citation omitted). If available state remedies have not been exhausted
7 as to all claims raised in a federal habeas corpus petition, the district court must dismiss the
8 petition. See Rose, 455 U.S. at 510. A dismissal solely for failure to exhaust is not a bar to a
9 petitioner's returning to federal court after exhausting available state remedies. See Trimble
10 v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

11     In the instant case, before petitioner may raise in a federal habeas petition claims
12 challenging the revocation of his parole, he must present such claims in the state courts,
13 including the Supreme Court of California. Petitioner must also present any discovery or
14 evidentiary requests pertinent to such claims in the state courts. As petitioner has not
15 presented his claims to the highest state court, including his request for information from the
16 San Francisco Police Department, he has not exhausted his state remedies. Consequently, the
17 petition must be dismissed.

18     Accordingly, the instant petition is hereby DISMISSED without prejudice to
19 petitioner's filing a new federal habeas petition once he has exhausted his state remedies by
20 presenting his claims to the highest state court.

21     In light of petitioner's lack of funds, the application to proceed in forma pauperis is
22 hereby GRANTED.

23     This order terminates Docket No. 5.

24     The Clerk shall close the file.

25     IT IS SO ORDERED.

26 DATED: December 3, 2007

27
28     _____
    MAXINE M. CHESNEY
    United States District Judge